IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Stevenson, ) | |
| ) | C/A No.: 6:06-3479-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Michael J. Astrue, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

    Plaintiff Charles Stevenson protectively filed an application for disability insurance benefits on July 10, 2003, alleging disability since November 1, 1994. He refiled the application on July 16, 2003, alleging disability since June 1, 1997 because of a disorder of the spine and an affective disorder. Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on June 21, 2005. On August 24, 2005, the ALJ issued a decision that, based on the application filed July 16, 2003, Plaintiff is not entitled to a period of disability or disability insurance benefits under sections 216(i) and 223, respectively, of the Social Security Act. The decision of the ALJ became the "final decision" of the Commissioner on October 11, 2006, after the Appeals Council determined that there was no basis for granting Plaintiff's request for review. Plaintiff thereafter brought the within action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the "final decision" of the Commissioner.

    This matter is before the court on motion filed by the Commissioner to reverse and remand the within action to conduct a supplemental hearing to obtain additional vocational expert testimony. The motion was filed July 20, 2007 (Entry 15). Plaintiff filed a response on August 20, 2007, in which he agreed with the Commissioner's motion but argued that the case also should be remanded

for the Commissioner to consider the other grounds raised in his complaint, The Commissioner filed a reply in opposition to Plaintiff's response on August 30, 2007.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge William M. Catoe. On October 1, 2007, the Magistrate Judge filed a Report of Magistrate Judge in which he recommended that the Commissioner's motion be granted in part and that the case be reversed and remanded to consider not only the issue conceded by the Commissioner, but Plaintiff's additional allegations that (1) the ALJ failed to properly evaluate Plaintiff's credibility, and (2) the ALJ failed to explain the evidence upon which he based Plaintiff's mental and physical residual functional capacities. No party filed objections to the Report of Magistrate Judge.

The court is charged with making a de novo determination of any portions of the Report of Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After a thorough review of the Report and the record in this case, the court adopts the Report of Magistrate Judge and incorporates it herein by reference. Accordingly, the Commissioner's motion to remand is granted in part. The Commissioner's decision is reversed under sentence four of 42 U.S.C. § 405(g), with a remand of the cause to the Commissioner for further proceedings

consistent with this order and the Report of Magistrate Judge.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

October 23, 2007.

3